United States District Court
Southern District of Texas
**ENTERED**
May 10, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JOSE LUIS ACUNA-GARZA, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 2:21-CV-00284 |
| | § | |
| WARDEN COX ET AL, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM AND RECOMMENDATION

Petitioner Jose Luis Acuna-Garza, proceeding *pro se*, filed the present 28 U.S.C. § 2241 petition on November 25, 2021, while he was a federal prisoner at the Federal Correctional Institution-Three Rivers in Three Rivers, Texas. (D.E. 1). He raises claims regarding an improper change in his release date. Respondent filed a motion to dismiss contending that the petition is now moot because Acuna-Garza was released while it was pending. (D.E. 14). Acuna-Garza has not responded to the motion. For the reasons discussed further below, it is recommended that Respondent's motion to dismiss (D.E. 14) be GRANTED and Acuna-Garza's petition (D.E. 1) be DISMISSED AS MOOT.

### I. BACKGROUND

*a. Petition*

In the petition, Acuna-Garza first argues that the Bureau of Prisons ("BOP") incorrectly removed 36 days of his good-time credit and held him past his release date of

November 25, 2021. (D.E. 1 at 6; D.E. 1-1 at 2-4).[1] He asserts that his release date was improperly changed to December 31, 2021. (D.E. 1-1 at 3). Second, he argues that an immigration detainer filed against him was not executed on November 25, 2021, as it should have been, which violated his due process rights. (D.E. 1 at 6). He sought release from prison and to be paroled or given a reasonable bond to stay in the United States. (*Id.* at 7).

　　　*b. Evidence*

In February 2018, Acuna-Garza pleaded guilty to one count of being an alien found unlawfully in the United States after deportation, in violation of 8 U.S.C. §§ 1326(a), (b)(2). (D.E. 14-1 at 1). On February 7, 2018, he was sentenced to 60 months' imprisonment. (*Id.* at 1-2).

In a declaration, G. Rawls, an attorney for the BOP, stated that Acuna-Garza was released from prison on December 30, 2021. (D.E. 14-3 at 1). Rawls attached records indicating that Acuna-Garza was released on that date and that he was removed by U.S. Immigration and Customs Enforcement ("ICE"). (*Id.* at 4-8). Online BOP records also indicate that Acuna-Garza was released on December 30, 2021.[2]

---

[1] Acuna-Garza raises this claim under both grounds one and two, but the claim is the same in each ground.

[2] The federal offender database maintained by the Bureau of Prisons is available at: https://www.bop.gov/mobile/find_inmate/byname.jsp.

## II.  DISCUSSION

In the motion to dismiss, the Respondent contends that Acuna-Garza's petition is now moot because he has been released from prison and removed from the country. (D.E. 14 at 1-2). Respondent contends that, as in *Herndon v. Upton*, 985 F.3d 443 (5th Cir. 2021), and several other cases, there is no longer a live case or controversy for which this Court can grant any relief. (*Id.* at 6-8). Alternatively, Respondent argues that Acuna-Garza failed to exhaust his administrative remedies. (*Id.* at 8-12).

Acuna-Garza has not filed a response.

In *Herndon*, the petitioner was initially convicted in the Southern District of Florida. *Herndon*, 985 F.3d at 444. She subsequently filed a § 2241 petition in the Northern District of Texas, where she was incarcerated at the time, seeking additional credit against her sentence for time previously spent on home confinement. *Id.* at 445. While the petition was pending, she was released from prison and began a term of supervised release. The district court *sua sponte* dismissed her petition as moot because she was no longer incarcerated. *Id.* The Fifth Circuit affirmed the district court's dismissal, concluding that "there was no longer a live case or controversy for which any relief could be granted." *Id.* at 446.

Here, Acuna-Garza's petition is analogous to the petition at issue in *Herndon* for all relevant purposes. As in *Herndon*, Acuna-Garza was released from prison while his petition was pending. (D.E. 14-3 at 1, 4-8). He has since been removed from the country. (*Id.* at 8). Each of Acuna-Garza's claims relate to his contention that his release from prison was improperly delayed, but there now is no remedy to those claims because he has

3

been released. (*See generally* D.E. 1, D.E. 1-1). Accordingly, this Court can no longer provide the relief that Acuna-Garza seeks, and his petition is moot. *Herndon*, 985 F.3d at 445-46.

## III. RECOMMENDATION

Accordingly, it is recommended that Respondent's motion to dismiss (D.E. 14) be GRANTED and Acuna-Garza's petition (D.E. 1) be DISMISSED AS MOOT.

Respectfully submitted on May 10, 2022.

_____
Julie K. Hampton
United States Magistrate Judge

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within FOURTEEN (14) DAYS after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United* Servs. *Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*).